UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                 No. 96-4693

DAVID COVINGTON,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-96-112-A)

Submitted: March 25, 1997

Decided: April 28, 1997

Before WILKINS, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gregory B. English, ENGLISH & SMITH, Alexandria, Virginia, for
Appellant. Helen F. Fahey, United States Attorney, Henry L. Thag-
gert, III, Special Assistant United States Attorney, Alexandria, Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

David Covington appeals his conviction for conspiring to possess with the intent to distribute and to distribute heroin, aiding and abetting the introduction of heroin into a penal institution, and use of a communication facility to distribute heroin, in violation of 21 U.S.C. § 846 (1994), D.C. Code Ann. § 22-2603 (1981), 18 U.S.C. § 2 (1994), and 21 U.S.C. § 843(b) (1994). We affirm.

Covington contends that the evidence at trial was insufficient to support the conspiracy conviction. The government must show two elements in a conspiracy case: (1) an agreement between two or more persons, and (2) an intent to achieve a certain objective through unlawful means. See United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996) (en banc), cert. denied, 65 U.S.L.W. 3586 (U.S. Feb. 24, 1997) (No. 96-6868). We must affirm Covington's conviction "if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942).

Viewed in the light most favorable to the Government, the evidence at trial showed that Covington made arrangements with an unnamed person to deliver heroin to his girlfriend, who then delivered the heroin to Covington in Lorton Reformatory. Further testimony established that the amount of heroin delivered was of a distribution amount in the prison setting. Further, the heroin was divided into seven individual packets. Finally, Covington made calls to several people to arrange for drugs to be brought to his girlfriend, who would then deliver the drugs to him. Viewing this evidence in the light most favorable to the Government, it is sufficient to sustain a conviction for conspiracy.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2